FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAY B., | NO: 1:20-CV-03004-FVS |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 11, 13. This matter was submitted for consideration without oral argument. Plaintiff is represented by Attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 13, and **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 11.

ORDER ~ 1

## JURISDICTION

Plaintiff Ray B.[1] filed for Disability Insurance Benefits (DIB) on February 26, 2017, Tr. 47, alleging an onset date of November 15, 2008, Tr. 136, due to a lower back injury, upper back injury, arthritis, a right shoulder injury, a right hand injury, a left hand injury, a right knee injury, a left knee injury, and high blood pressure, Tr. 154. Benefits were denied initially, Tr. 60-62, and upon reconsideration, Tr. 66-68. A hearing before Administrative Law Judge C. Howard Prinsloo ("ALJ") was conducted on November 2, 2018. Tr. 30-46. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Bob Zadow. *Id*. The ALJ denied benefits on January 22, 2019. Tr. 15-24. The Appeals Council denied review on November 18, 2019. Tr. 1-5. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

Plaintiff was 47 years old at the alleged onset date. Tr. 136. The highest grade he completed was the eleventh grade in 1979. Tr. 155. He received vocational training for chemical handling in 1990. *Id*. Plaintiff's work history includes positions as a fork lift operator and a laborer in construction. Tr. 156. Tr. 248. He further alleged that he worked two months in a gym and a few months in retail sorting. Tr. 173. At application, Plaintiff stated that he stopped working on April 15, 2008 due to his conditions. Tr. 154.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

ORDER ~ 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Initially, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2009. Tr. 17. Therefore, the relevant time period of the decision was defined as beginning with Plaintiff's alleged onset date, November 15, 2008, and continuing through his date last insured, December 31, 2009. *Id*.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged date of onset, November 15, 2008, through his date last insured, December 31, 2009. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments through the date last insured: spinal impairment(s) and right knee impairment. Tr. 17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equaled the severity of a listed impairment through the date last insured. Tr. 17-18. The ALJ then found that through the date last insured, Plaintiff

had the RFC to perform light work as defined in 20 CFR § 404.1567(b) "except he could occasionally balance, stoop, kneel, crouch, crawl, and climb." Tr. 18.

At step four, the ALJ identified Plaintiff's past relevant work as forklift operator, locker room attendant, carpenter, and construction laborer, and found that Plaintiff was unable to perform his past relevant work. Tr. 22. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform through the date last insured, including: agricultural sorter; price marker/checker; and packing line worker. Tr. 23. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from November 15, 2008, the alleged onset date, through December 31, 2009, the date last insured. Tr. 23.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him DIB under Title II of the Social Security Act. ECF No. 11. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom statements; and

2. Whether the ALJ properly considered the medical opinion evidence.

## DISCUSSION

**1.    Plaintiff's Symptom Statements**

ORDER ~ 8

Plaintiff challenges the ALJ's determination that his symptom statements were not entirely consistent with the medical evidence and other evidence in the record.  ECF No. 11 at 7-14.  Plaintiff argues that the ALJ was required to provide specific, clear and convincing reasons for rejecting his symptom statements.  ECF No. 11 at 7-8.  In contrast, Defendant argues that the Court should uphold a credibility finding unless it is "inherently incredible or patently unreasonable."  ECF No. 13 at 2 *citing Retlaw Broad Co. v. Nat'l Labor Relations Bd.*, 53 F.3d 1002, 1005 (9th Cir. 1995).  Defendant relies on an incorrect standard when considering the ALJ's treatment of Plaintiff's symptom statements.

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).  "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom."  *Id*. (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

1    rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

2    citations and quotations omitted). "General findings are insufficient; rather, the

3    ALJ must identify what testimony is not credible and what evidence undermines

4    the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

5    Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

6    must make a credibility determination with findings sufficiently specific to permit

7    the court to conclude that the ALJ did not arbitrarily discredit claimant's

8    testimony."). "The clear and convincing [evidence] standard is the most

9    demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

10   1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920,

11   924 (9th Cir. 2002)).

12        Here, the ALJ found Plaintiff's medically determinable impairments could

13   reasonably be expected to cause some of the alleged symptoms; however,

14   Plaintiff's "statements concerning the intensity, persistence and limiting effects of

15   these symptoms are not entirely consistent with the medical evidence and other

16   evidence in the record" for several reasons. Tr. 18-19. The ALJ provided seven

17   reasons in support of his determination: (1) Plaintiff's "longstanding spinal

18   impairment has been concurrent with heavy exertional labor"; (2) Plaintiff had

19   inconsistent presentation and symptom reporting in 2008 and 2009; (3) Plaintiff's

20   reported symptoms were not supported by the objective medical evidence; (4)

21   Plaintiff's reported activities were inconsistent with his reported symptoms; (5)

ORDER ~ 10

Plaintiff's lack of treatment was inconsistent with his reported symptoms; (6) Plaintiff had history of substance abuse; and (7) Plaintiff exaggerated symptoms to receive controlled substances.

### A.    Concurrent Work

The ALJ's first reason for rejecting Plaintiff's symptom statements, that Plaintiff's longstanding spinal impairment has been concurrent with heavy exertional labor, is not specific, clear and convincing.  The ALJ found that the fact Plaintiff continued to work as a construction laborer following his lumbar spine surgery in 2000 undermined his symptom statements. Tr. 19.  In doing so, the ALJ relied solely on evidence prior to Plaintiff's alleged onset date of November 15, 2008.  Tr. 19 (citing evidence from 2000, 2005, 2006, and August 2008). Generally, a claimant's ability to work can be considered in assessing his symptom statements. *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).  However, in this case, Plaintiff did not allege an inability to work due to his impairments prior to his alleged date of onset (i.e. prior to November 2008). Therefore, evidence of work from 2000, 2005, 2006, and August 2008 are not inconsistent with Plaintiff's claims.  Therefore, the ALJ's determination does not meet the specific, clear and convincing standard.

### B.    Inconsistent Presentation

The ALJ's second reason for rejecting Plaintiff's symptom statements, that he had inconsistent presentation and symptom reporting in 2008 and 2009, is

specific, clear and convincing.  The ALJ found that from 2008 through 2009, Plaintiff failed to consistently report his symptoms to examiners.  Tr. 19.  The ALJ may consider "ordinary techniques of credibility evaluation," such as the inconsistent statements when addressing the reliability of his statements.  *Smolen v. Chater*, 80 F.3d 1272, 1284 (9th Cir. 1996).  The ALJ noted that during an ER visit in August 2008, Plaintiff reported right knee pain from an injury while playing softball, but had intact range of motion and was able to ambulate, but later in 2008, Plaintiff presented for a consultative evaluation with impaired ambulation.  Tr. 19.  However, a review of the record shows that Plaintiff was unable to bear weight on his right knee and was given crutches at the time of the knee injury in August of 2008.  Tr. 481, 483.  Therefore, the ALJ's statement that he was able to ambulate at the time of the injury was not supported by substantial evidence and cannot support the ALJ's findings.

Next, the ALJ found that despite alleging severe back pain since 2000, when Plaintiff sought treatment between March 2009 and August of 2009, Plaintiff failed to complain of ongoing back pain.  Tr. 19.  In March of 2009, Plaintiff was treated for an abscess in his arm due to injecting heroin.  Tr. 445-58.  On exam, there was no tenderness in his back.  Tr. 457.  On April 20, 2009, Plaintiff was treated for cellulitis from injecting heroin.  Tr. 436-40.  Plaintiff's physical examination revealed no tenderness.  Tr. 438.  On August 24, 2009, Plaintiff was treated for a heroin overdose.  Tr. 245-47.  Again, Plaintiff did not complain of back pain

1  during this treatment.  *Id.*  These are examples of Plaintiff's presentation to

2  providers not matching his reported symptoms of ongoing back pain.

3         While not all the examples provided by the ALJ support his determination.

4  There are examples in the record of Plaintiff failing to consistently complain of

5  pain to providers during the relevant period.  Therefore, this reason meets the

6  specific, clear and convincing standard.

7         **C.    Objective Medical Evidence**

8         The ALJ's third reason for rejecting Plaintiff's symptom statements, that his

9  reported symptoms were not supported by the objective medical evidence, is

10 specific, clear and convincing.  Objective medical evidence is a "relevant factor in

11 determining the severity of the claimant's pain and its disabling effects," but it

12 cannot serve as the only reason for rejecting a claimant's symptom statements.

13 *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

14        The ALJ found that the objective evidence did not support Plaintiff's

15 reported symptoms from the alleged date of onset through the date last insured.

16 Furthermore, the ALJ pointed to multiple locations in the record showing normal

17 examination results following the date last insured despite Plaintiff's statements of

18 continued pain.  Tr. 20.  The ALJ rejected the positive findings in the records

19 referring to them as "self-reported spinal tenderness and SLRs."  Tr. 19.  Plaintiff

20 asserts that the straight leg raising test and the reported tenderness are objective

21 findings.  ECF No. 11 at 9.  The Court recognizes that a positive straight leg

raising test is a requirement of a lumbar spine impairment meeting listing 1.04, 20

C.F.R. Part 404, Subpart P, Appendix 1; however, it is considered a subjective

physical test.  *See* 2 DAVID A. MORTON, III, M.D., SOCIAL SECURITY DISABILITY

MEDICAL TESTS § 11.33 (1ˢᵗ ed. 2015).  Therefore, the ALJ's finding that the

objective medical evidence did not support the severity of symptoms reported by

claimant meets the specific, clear and convincing standard.

### D.    Reported Activities

The ALJ's fourth reason for rejecting Plaintiff's symptom statements, that

his reported activities were inconsistent with his reports of symptoms, is specific,

clear and convincing.  A claimant's daily activities may support an adverse

credibility finding if (1) the claimant's activities contradict his or her other

testimony, or (2) "the claimant is able to spend a substantial part of his day

engaged in pursuits involving performance of physical functions that are

transferable to a work setting."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007)

(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  Here, the ALJ found

that Plaintiff's reported activities were inconsistent with his degree of reported

symptoms.  Tr. 20.  Despite alleging that spinal and knee impairments prevented

him from performing sedentary work, Plaintiff reported lifting weights in August

of 2011, Tr. 388, he reported twisting his right knee playing football in September

of 2011, Tr. 371, he reported working as a contractor and doing heavy lifting in

December of 2015, Tr. 752, he was thrown from a horse in July of 2016, Tr. 799-

800, and he was throwing and stacking hay bales in August of 2016, Tr. 794. All of these activities are inconsistent with Plaintiff's reported impairments and his reported inability to perform even sedentary work. Therefore, this reason meets the specific, clear and convincing standard.

### E.    Lack of Treatment

The ALJ's fifth reason for rejecting Plaintiff's symptom statements, that his lack of treatment was inconsistent with his reported symptoms, is not specific, clear and convincing. Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. § 404.1530; *Fair*, 885 F.2d at 603. However, a lack of treatment cannot be held against a claimant who cannot afford treatment. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). Plaintiff argues that his failure to seek treatment was due to a lack of medical insurance. ECF No. 11 at 9. The ALJ is required to consider why a claimant did not seek treatment in situations where the treatment frequency is incongruent with the severity of symptom alleged. S.S.R. 16-3p. Here, Plaintiff did not have insurance, Tr. 469, 474, and was at the mercy of the Washington Department of Labor and Industries for covering his treatment, Tr. 1098. The ALJ failed to consider Plaintiff's lack of insurance and ability to pay for treatment. Tr. 20. Therefore, this reason does not meet the specific, clear and convincing standard.

### F.    History of Substance Abuse

The ALJ's sixth reason for rejecting Plaintiff's symptom statements, that Plaintiff had history of substance abuse, is not specific, clear and convincing.  The Ninth Circuit has held that a claimant's unreliable reports about substance abuse meets the specific, clear and convincing standard.  *Thomas*, 278 F.3d at 959.  Plaintiff concedes that he had ongoing substance use during the relevant period, but argues that he was honest with providers regarding his substance use.  ECF No. at 11-12.  Here, the ALJ summarized Plaintiff's substance abuse as it appears in the record.  Tr. 20-21.  However, nowhere in this paragraph does the ALJ indicate that Plaintiff was dishonest or attempted to mislead his providers regarding his substance use.  Therefore, this reason fails to meet the specific, clear and convincing standard.

### G.    Exaggerated Symptoms

The ALJ's seventh reason for rejecting Plaintiff's symptom statements, that Plaintiff exaggerated symptoms to receive controlled substances, is not specific, clear and convincing.  The Ninth Circuit has stated that drug-seeking behavior can undermine a claimant's symptom statements.  *Edlund v. Masanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).  However, the ALJ failed to cite to any evidence in the record supporting his determination that Plaintiff was drug seeking or exaggerating his symptoms to receive controlled substances.  Tr. 21.  Therefore, this reason fails to meet the specific, clear and convincing standard.

ORDER ~ 16

While several of the reasons the ALJ provided did not meet the specific, clear and convincing standard, some did.  Therefore, the ALJ provided specific, clear and convincing reasons to support his determination that Plaintiff' symptom statements were not reliable.  *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

## 2.    Medical Opinions

Plaintiff argues that the ALJ failed to properly weigh the opinions from Larry Lefors, D.O. and Tanvir Ahmad, M.D.  ECF No. 11 at 14-18.

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.* (citing *Lester*, 81 F.3d at 830-31).

ORDER ~ 17

### A.    Larry Lefors, D.O.

On May 23, 2005, Dr. Lefors saw Plaintiff in association with his workplace injury.  He stated that Plaintiff's restrictions included no bending, lifting, twisting, to sit, stand, and move around as needed, and to take breaks as needed.  Tr. 1114.  He also stated that Plaintiff was not cleared to work.  *Id*.  The ALJ gave the opinion little weight in regards to Plaintiff's functioning from November 2008 through December 31, 2009 for three reasons: (1) Plaintiff subsequently worked in construction; (2) Plaintiff's other activities were inconsistent with these limitations; and (3) Plaintiff's lack of treatment for the spinal impairment between 2005 and December 31, 2009 was inconsistent with the opinion.  Tr. 21.  This opinion is uncontradicted in the record, therefore the clear and convincing standard applies.

The ALJ's first reason for rejecting Dr. Lefors' opinion, that he had subsequently worked in construction, is not supported by substantial evidence.  The ALJ provides three citations to the record in support of his determination that Plaintiff worked construction following the May 2005 opinion.  Tr. 21.  However, these records only demonstrate that Plaintiff attempted work following the opinion, not that he worked in construction.  The evidence shows that Plaintiff's only income after the opinion included $4,139.24 in 2007 and $90.00 in 2015.  Tr. 139.  Plaintiff's reported work history showed that he worked in retail sorting for two months in 2008 and for a temp agency in October of 2015.  Tr. 173.  These limited

ORDER ~ 18

earnings and short periods of work do not support the ALJ's determination that Plaintiff worked construction following Dr. Lefors' opinion.

The ALJ's second reason for rejecting Dr. Lefors' opinion, that his activities were inconsistent with the opinion limitations, is clear and convincing. A claimant's activities can be inconsistent with the presence of a disabling condition. *Curry v. Sullivan*, 925 F.2d 1127, 2230 (9th Cir. 1990). The record contains several references to Plaintiff's activities that far exceed Dr. Lefors' restrictions. On August 28, 2006, Plaintiff sought treatment for back pain following doing "a lot of walking" the day before. Tr. 1086. On August 3, 2008, Plaintiff was treated for an injury sustained when he fell in a hole while running full speed playing softball. Tr. 478. On October 27, 2009, Plaintiff was treated for back pain after moving bedroom furniture. Tr. 424. On September 18, 2011, Plaintiff was treated for a knee injury following playing football. Tr. 371. On July 2, 2016, Plaintiff sought treatment after he was thrown from a horse and stomped on. Tr. 799. On August 8, 2018, Plaintiff was treated for back pain following stacking hay. Tr. 796. While this Court recognizes that doing "a lot of walking" is a subjective phrase and difficult to judge whether that is inconsistent with Dr. Lefors' opined limitations, the remaining activities, including playing softball, moving furniture, playing football, houseback riding, and stacking hay are all inconsistent with the restrictions opined by Dr. Lefors. Therefore, this reason is supported by substantial evidence and meets the specific and legitimate standard.

ORDER ~ 19

1       The ALJ's third reason for rejecting Dr. Lefors' opinion, that Plaintiff's lack

2   of treatment between 2005 and December 31, 2009 was inconsistent with the

3   opinion, is not clear and convincing.  Again, the ALJ is using the lack of Plaintiff's

4   treatment against him.  Tr. 21.  As discussed above, the ALJ was required to

5   consider the reasons Plaintiff did not seek treatment before the lack of treatment

6   can be used against him.  That was not done here.  Therefore, this reason does not

7   meet the clear and convincing standard.

8       One of the three reasons the ALJ provided for rejecting Dr. Lefors' opinion

9   meets the clear and convincing standard.  Therefore, the Court will not disturb the

10  ALJ's determination.  *See Tommasetti*, 533 F.3d at 1038 (an error is harmless

11  when "it is clear from the record that the . . . error was inconsequential to the

12  ultimate nondisability determination").

13      **B.**    **Tanvir Ahmad, M.D.**

14      Dr. Ahmad evaluated Plaintiff on February 13, 2009 and completed a

15  Physical Evaluation form for the Washington Department of Social and Health

16  Services (DSHS) on February 23, 2009.  Tr. 225-29.  Dr. Ahmad opined that

17  Plaintiff had a marked limitation in the abilities to stand, walk, and lift.  Tr. 227.

18  He further opined that Plaintiff had restricted mobility in bending, kneeling,

19  pulling, and pushing.  *Id*.  He rated Plaintiff's overall work level as severely

20  limited, which is defined as "unable to lift at least 2 pounds or unable to stand and

21  walk."  *Id*.  Dr. Ahmad evaluated and completed a second Physical Evaluation

form for DSHS on October 12, 2009, and he repeated his opinion from the February examination. Tr. 230-35. Again, this opinion in uncontradicted in the record. Therefore, the clear and convincing standard applies.

The ALJ gave Dr. Ahmad's opinion minimal weight for five reasons: (1) Dr. Ahmad did not provide a diagnosis for Plaintiff's back pain; (2) the opinion was inconsistent with his normal findings on examinations; (3) the opinion was inconsistent with Plaintiff's lack of treatment during this period; (4) the opinion was inconsistent with his activities since 2008; (5) the was inconsistent with the limited medical evidence from that period. Tr. 21-22.

The ALJ's first reason for rejecting Dr. Ahmad's opinion, that he did not provide a diagnosis for Plaintiff's back pain, is not supported by substantial evidence. Dr. Ahmad attached an x-ray of the lumbar spine to the February 2008 opinion that included the impression of "mild anterior wedge compression fracture of indeterminate age at T12" and "degenerative changes of the lumbar spine, primarily at L4-5." Tr. 229. Therefore, the Dr. Ahmad provided a diagnosis for Plaintiff's back pain and this reason for rejecting the opinion is not supported by substantial evidence.

The ALJ's second reason for rejecting Dr. Ahmad's opinion, that was inconsistent with his normal findings on examinations, is clear and convincing. An ALJ may rely on internal inconsistency's in an evaluating physician's report to reject the opinion. *Bayliss*, 427 F.3d at 1216. Here, the ALJ found that Dr.

Ahmad's "examinations of the claimant repeatedly found normal gait and normal neurological signs, without weakness or sensory loss," and determined that Dr. Ahmad had insufficient objective evidence to support the opined severe physical limitations. Tr. 21-22. In February of 2009, Dr. Ahmad found Plaintiff had normal gait and station and neurological findings. Tr. 226. He also found that Plaintiff had mild tenderness in the SI joint area and a positive straight leg raising test mainly on the left side. *Id*. In October of 2009, Dr. Ahmad found that Plaintiff had normal gait and station and neurological findings. Tr. 231. He again observed that Plaintiff had mild tenderness in both SI joint areas and a positive straight leg raising test on both sides. *Id*. While there is tenderness and the straight leg raising test, the evaluations did not show an abnormal gait or weakness in the lower extremities to support the opinion of being unable to lift two pounds or unable to stand and/or walk. Therefore, this reason meets the clear and convincing standard.

The ALJ's third reason for rejecting Dr. Ahmad's opinion, that it was inconsistent with Plaintiff's lack of treatment during this period, is not clear and convincing. Again, the ALJ is using the lack of Plaintiff's treatment against him. Tr. 22. As discussed above, the ALJ was required to consider the reasons Plaintiff did not seek treatment before such lack of treatment can be used against him. That was not done here. Therefore, this reason does not meet the clear and convincing standard.

The ALJ's fourth reason for rejecting Dr. Ahmad's opinion, that it was inconsistent with his activities since 2008, is clear and convincing.  A claimant's activities can be inconsistent with the presence of a disabling condition.  *Curry*, 925 F.2d at 2230.  As addressed above, Plaintiff's activities, including playing softball, moving furniture, playing football, houseback riding, and stacking hay are all inconsistent with the restrictions opined by Dr. Ahmad.  Therefore, this meets the clear and convincing standard.

The ALJ's fifth reason for rejecting Dr. Ahmad's opinion, that it was inconsistent with the limited medical evidence from that period, is clear and convincing.  The Ninth Circuit has found that inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting physician's opinions.  *Batson*, 359 F.3d at 1195.  Internal agency policy indicates that a complete lack of any medical findings in support of the uncontradicted opinion of a physician is required to meet the clear and convincing standard.  HALLEX I-5-4-1.  Here, the ALJ found that the limited medical evidence from the relevant time period continued to show a lack of tenderness in his back or extremities.  Tr. 12.  The ALJ cites to Plaintiff's treatment for an overdose in August of 2008.  Tr. 22 *citing* Tr. 250.  However, the hospital made no notation that they completed a back exam during this visit to the emergency room.  Tr. 250.  The ALJ cited two other evaluations in 2009 made during emergency room visits while seeking treatment for abscesses related to heroin use that showed no tenderness in Plaintiff's back.

Tr. 22 *citing* Tr. 438, 457.  Looking at the relevant time period, Plaintiff only sought treatment for his back once following an acute onset of pain while attempting to move furniture.  Tr. 424-28.  At that time, he had tenderness in the lumbar/SI joint, limited range of motion in flexion and extension, and a positive straight leg raising test bilaterally at 30 degrees.  Tr. 428.  This single episode of acute pain onset does not support a finding of ongoing back pain that would preclude Plaintiff from lifting over two pounds or standing and walking as opined by Dr. Ahmad.  Therefore, considering the evidence from the relevant time period alone, the objective evidence supporting the opinion of Dr. Ahmad is severely limited, and this reason meets the clear and convincing standard.

While not all of the reasons the ALJ provided for rejecting the opinion met the clear and convincing standard, some did.  Therefore, the Court will not disturb the ALJ's determination.  *See Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

## CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's.  *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment so long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  After review, the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

ORDER ~ 24

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 13, is

    **GRANTED**.

The District Court Executive is hereby directed to enter this Order and

provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

the file.

DATED this 14th day of October 2020.

Stanley A. Bastian
Chief United States District Judge

ORDER ~ 25